**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **MICKEY BRAND,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Case No.** |
| | § | **4:16-CV-00213-HLM-WEJ** |
| **COMMONWEALTH** | § | |
| **FINANCIAL SYSTEMS, INC.,** | § | |
| | § | |
| **Defendant.** | | |

## JOINT MOTION TO SET ASIDE CLERK'S DEFAULT AND NOTICE OF SETTLEMENT AGREEMENT

Defendant, Commonwealth Financial Systems, Inc., ("CFS"), and plaintiff, Mickey Brand (plaintiff), through counsel and under Federal Rule of Civil Procedure 55(c), file this Joint Motion to Set Aside the Clerk's Default against CFS, and state:

1.     On July 11, 2016, plaintiff filed this lawsuit against CFS.  (*See* Dkt. No. 1.)

2.     On September 6, 2016, plaintiff filed an Affidavit of Service as to CFS, stating, on August 25, 2016, the Summons, Notice, Request to Waiver Service of a Summons, and Complaint were served on CFS c/o an authorized agent, Robert Sersch, at 116 Pine Street, Suite 320, Harrisburg, PA 17101.  (*See* Dkt. No. 5.)

3.      According to CFS's records, sometime after service, CFS coded the

lawsuit as settled, and therefore never filed an answer in response to the complaint.

4.      On December 21, 2016, plaintiff moved for a Clerk's default against

CFS, and on December 22, 2016, the Clerk entered a Default against CFS.  (*See* Dkt.

No. 6.)

5.      On September 15, 2017, plaintiff filed a Motion for Default Judgment

as to CFS.  (*See* Dkt. No. 8.)

6.      CFS subsequently became aware of the filed lawsuit, and the parties

conferred regarding setting aside the Clerk's Default and settling the matter.  The

parties have reached a settlement agreement, and therefore good cause exists to set

it aside.

7.      After entry of default, the defaulting party may move to set aside the

entry for "good cause shown" pursuant to Fed .R. Civ. P. 55(c).

8.      Three principal factors apply in assessing whether good cause has been

shown: 1) whether the default was willful; 2) whether setting aside the clerk's entry

of default would prejudice the adversary; and 3) whether a meritorious defense is

presented. *Hodges v. Jones,* 873 F. Supp. 737 at 742 (N.D.N.Y. 1995) (citing *Enron,*

10 F.3d at 96); *see also In Re Men's Sportswear, Inc.,* 834 F.2d 1134, 1138 (2d

Cir.1987); *Meehan,* 652 F.2d at 276. Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedural was a mistake made in good faith and whether the entry of default would produce a harsh or unfair result. *Enron,* 10 F.3d at 96.

      9.     Here, CFS did not willfully fail to answer plaintiff's complaint as it mistakenly believed the matter had settled. In addition, setting aside the clerk's entry of default would not prejudice the adversary.

      WHEREFORE, the Defendant, Commonwealth Financial Systems, Inc., and plaintiff, Mickey Brand, respectfully request this Court set aside the Clerk's default, and take note of the settlement reached in this matter.

Respectfully submitted,

| | |
|---|---|
| /s/ Adam Klein | /s/ Wendi Fassbender |
| Adam Klein, Esq. | Wendi E. Fassbender, Esq. |
| GA Bar No. 425032 | GA Bar No. 179133 |
| Berry & Associates, P.C. | Sessions, Fishman, Nathan & Israel, LLC |
| 2751 Buford Highway, Suite 600 | 3001 Lookout Place NE |
| Atlanta, Georgia 30324 | Atlanta, GA 30305 |
| Telephone: 404-235-3300 | Telephone: 678-209-7492 |
| Facsimile:  404-235-3333 | Facsimile: 877- 480-5639 |
| Attorney for Plaintiff, | Attorneys for Defendant, |
| *Mickey Brand* | *Commonwealth Financial Services, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2017, a true and correct copy of the foregoing **Joint Motion to Set Aside Clerk's Default** was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

I additionally certify that the above-referenced document has been prepared in Times New Roman (14 point) font and this satisfies the font size requirements of this Court.

> */s/ Wendi E. Fassbender*
> Wendi E. Fassbender, Esq.
> GA Bar No. 179133
> Sessions, Fishman, Nathan & Israel, LLC
> 3001 Lookout Place, NE
> Atlanta, GA 30305
> Telephone: (678) 209-7492
> Facsimile: (877) 480-5639
> E-mail: wfassbender@sessions.legal